PLAUD, APPELLANT, v. REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion Title.

No. 475.—Decided December 10, 1920.

RECORD OF TITLE — CONSOLIDATION OF PROPERTIES — SEPARATE PROPERTY — COMMUNITY PROPERTY.—In accordance with the provisions of article 61 of the Regulations for the Execution of the Mortgage Law, a property formed by the consolidation of three parcels belonging to the community and another parcel belonging to the wife is not recordable, for it is a necessary requisite in order to record a property formed by consolidation that the properties belong to one person or to several *pro indiviso.*

The facts are stated in the opinion.
Mr. *C. Domínguez Rubio* for the appellant.
The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Modesto María Plaud, married to Celedonia Cora, instituted dominion title proceedings in the District Court of Guayama to establish his ownership of a rural property of sixteen acres of land and the court, finding that four acres

of the property had been purchased by the husband from Genara Cora in 1901; that four acres of it had been purchased by the wife from Ildefonso Cora more than twenty years before; that another four acres of it had been purchased by the wife from Eulalia Cora more than twenty years before, and that the remaining four acres had been acquired by the wife as an inheritance from her parents more than twenty-five years before, entered an order on May 25, 1920, whereby ''it is held that the ownership of the said property is established in favor of the petitioner, married to Celedonia Cora, twelve acres thereof being community property and four acres separate property, and it is ordered that the title be recorded in the Registry of Property of Guayama.''

A certified copy of that order was presented in the Registry of Guayama and the registrar refused to record it in the following decision:

''Record of the foregoing document is denied because the property of sixteen acres referred to is the result of the consolidation of four parcels of four acres each, of which the petitioner and his wife, Celedonia Cora, acquired three parcels by purchase for a valuable consideration for the community and the other parcel was acquired by the said Celedonia Cora by inheritance from her parents, the first three parcels being considered therefore as community property and the fourth as separate property; consequently the said four parcels can not be consolidated because they are of a different juridical nature and belong to different entities (*Durán* v. *Registrar*, 20 P. R. R. 138; *Muñoz* v. *Registrar*, 25 P. R. R. 786, and *Torres* v. *Registrar*, 27 P. R. R. 846), a cautionary notice having been entered instead　*　*　*.''

This decision, dated August 2, 1920, was appealed from by Modesto María Plaud, but we find it to be in accordance with the jurisprudence laid down by this court in the cases cited by the registrar, wherein it was held that—

''In order that several properties may be recorded in the registry of property under one number and as one single property it

is indispensable that the said properties belong to one sole owner or to several owners *pro indiviso,* that is, that each of the different persons who wish to consolidate the properties must have a joint ownership in each of the properties to be consolidated."

The appellant alleges that it is not sought to record distinct consolidated properties belonging to different owners, but to record only one single property belonging in common to his wife and the conjugal partnership composed of the two spouses. This is not the case, for, according to section 399 of the Civil Code, "when the ownership of a thing or of a right belongs undividedly to different persons, it is held to be owned in common," but in this case the parcel of four acres acquired by the wife does not belong undividedly to the two spouses, but is the separate property of the wife, whereas the twelve acres acquired for the community belong exclusively to the said community.

The decision appealed from must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.